UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| Santana Hayes on behalf of herself and all persons similarly situated, | ) ) ) |  |
| Plaintiff, | ) ) ) | CASE NO. |
| v. | ) ) | JURY TRIAL DEMANDED |
| Club Wax, LLC. & Mr. Thomas Waters | ) ) ) |  |
| Defendants. | ) |  |

## COMPLAINT FOR VIOLATING THE FAIR LABOR STANDARDS ACT

**COMES NOW** Santana Hayes (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, and brings this collective action against Club Wax, LLC. and Mr. Thomas Waters (hereinafter "Defendants") respectfully showing the Court as follows:

## INTRODUCTION

1.

Defendants jointly operate an adult entertainment club located in Fulton County commonly known as Club Wax that failed to pay the Named Plaintiff and all others similarly situated the minimum wage and substantial overtime for hours worked.  Indeed not only did they fail to pay a single penny in wages, they tricked the Plaintiff and all others similarly situated

into paying each of them to work at Club Wax.  Defendant's failure to pay the minimum wage and overtime wages to Plaintiff and all others similarly situated violated 29 U.S.C. §§ 206 and 207 of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*. ("FLSA") because the Plaintiff and all other similarly situated employees do not satisfy the requirements of any applicable exemption under the FLSA.

2.

There are numerous similarly situated current and former employees of Defendants who were compensated improperly in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.  Upon information and belief there are more than 50 potential Plaintiffs.  More precise information on class size will be obtained during discovery.

3.

Former and current similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendant's records.

4.

Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of themselves and those current and

former employees of Defendants that worked at any club similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

5.

As a result of Defendants violation of the FLSA, Plaintiff and all others similarly situated seek minimum and overtime wages, restitution of all fees, fines and other payments Plaintiff were required to pay to Defendants to work,   liquidated damages, interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216 for the period commencing three (3) years prior to the filing of this Complaint.

## PARTIES AND SERVICE

6.

Plaintiff Santana Hayes is a former employee of Defendants.  Plaintiff was employed in Atlanta, Georgia at the club known as the "Club Wax" located at 4375 Commerce Drive, SW, Atlanta, GA 30336 .  Plaintiff Hayes was employed at Club Wax from approximately November, 2009 through November 2011.  Plaintiff is a resident within the Northern District of Georgia.

7.

Defendant Club Wax, LLC. is a Georgia limited liability company with its principal place of business located at 4375 Commerce Drive, SW,

Atlanta, GA 30336.  Defendant is the owner of Club Wax.  Defendant Club

Wax, LLC. is a resident within the Northern District of Georgia.  Defendant

may be served with a copy of the summons and complaint by leaving a copy

with its registered agent for service Mr. Edward Gilgor, Esq. located at 4213

Fellowship Road, Suite C, Tucker Georgia, 30084.

8.

Defendant Mr. Thomas Waters is a natural person and beneficial

owner of Club Wax.  Defendant Waters directs the day-to-day operations at

Club Wax.  On information and belief Defendant Waters is a resident within

the Northern District of Georgia.  Defendant Waters may be served with a

copy of the summons and complaint at 4375 Commerce Drive, SW, Atlanta,

GA 30336.

## SUBJECT MATTER  JURISDICTION AND VENUE

9.

This Court has subject matter jurisdiction over federal questions

raised under the FLSA pursuant to 28 U.S.C.S. §§ 1331 and 1337.

10.

Venue is proper in the Northern District of Georgia, under 28 U.S.C.

§1391(b), since Defendants are a citizen in this judicial district.  In addition,

a  substantial  part  of  the  events  or  omissions  giving  rise  to  the  claims

occurred in this judicial district at the address commonly known as 4375 Commerce Drive, SW, Atlanta, GA 30336 located within the Northern District of Georgia.

## FACTUAL ALLEGATIONS

### 11.

Plaintiff, on behalf of herself and all other similarly situated current and former employees, brings this Collective Action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") for failure to pay minimum wage and overtime compensation.

### 12.

At all times for the three years prior to the filing of the Complaint in this matter, Defendants have employed female entertainers at Club Wax.

### 13.

At all times for the three years prior to the filing of the instant complaint, Defendants have categorized all entertainers working at the nightclubs as "independent contractors" and failed to pay any wages whatsoever.

### 14.

At all times for the three years prior to the filing of the instant complaint, Defendants have not required entertainers to have any specialized

training or background.   Defendants have, however: established specific work schedules for entertainers.

15.

Defendants have required entertainers to dance at specified times and in a specified manner on stage and for customers.

16.

Defendants have regulated entertainers' attire and interactions with customers.

17.

Defendants have set the price entertainers were allowed to charge for dances.

18.

Defendants have required entertainers to attend meetings at Defendants' business.

19.

Defendants have financed all advertising and marketing efforts undertaken on behalf of the club.

20.

Defendants have made capital investments in the facilities, maintenance, sound system, lights, food, beverage and inventory.

21.

Defendants have required and made all hiring decisions regarding waitstaff, security, entertainer, managerial and all other employees at the night clubs.

22.

Defendants have established a variety of uniform written guidelines and policies which govern entertainers conduct at all the night clubs nationwide.

23.

At all times for the three years prior to the filing of the instant complaint, Defendants have required entertainers, including Named Plaintiff and all others similarly situated, to pay a specific amount, often referred to as a "tip out" or a "bar fee" in order to work on any given shift.

24.

The specific amount entertainers, including Named Plaintiff, were required to pay has varied over the last three years, but a single schedule has been in place for all entertainers at any given time.

25.

The required bar fee or tip out the Named Plaintiff has paid generally has been at least $45 for shift.

26.

If entertainers are late for work, fail to appear for a scheduled shift, or are deemed to have violated any of the club's rules, they are charged additional fees or fines.

27.

Named Plaintiff has been subject to a variety of these fees and fines.

28.

The fees and fines described in ¶¶ 23-27 constitute unlawful "kickbacks" to the employer within the meaning of the Fair Labor Standards Act, and Plaintiff and all others similarly situated are entitled to restitution of all such fees and fines.

29.

Named Plaintiff worked over forty hours in some weeks each worked for Defendants.

30.

Named Plaintiff and all others similarly situated were also required to attend mandatory meetings at Defendants' place of business, but were not paid for their attendance at those meetings.

31.

Defendants have never paid Plaintiff and all others similarly situated any amount as wages whatsoever, and have instead unlawfully required Plaintiff to pay them for the privilege of working.

32.

Instead, Plaintiff and all other similarly situated only source of work related income were gratuities they receive from customers.

33.

Because Defendants did not pay Plaintiff and all other similarly situated any wages whatsoever, Defendants did not pay Plaintiff and all other similarly situated one-and-a-half times their regular rate of pay when Plaintiff and others similarly situated worked over forty hours in a given workweek.

34.

Defendants knew, or showed reckless disregard for the fact that they misclassified these individuals as independent contractors, and accordingly failed to pay these individuals the minimum wage and failed to pay overtime at the required rate under the FLSA.

35.

Plaintiff and all others similarly situated were not subject to any

exemption under the FLSA.

36.

On information and belief Defendants failed to maintain records of the number of hours worked by Plaintiff and others similarly situated.

## COUNT I
## DECLARATORY JUDGMENT

37.

Plaintiff repeats and realleges the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

38.

This claim is an action for Declaratory Judgment brought pursuant to the provisions of 28 U.S.C. § 2201 et seq.

39.

An actual controversy exists between the parties in this case in regard to the employment status of the Plaintiff and all others similarly situated.

40.

Plaintiff and all others similarly situated seek declaratory relief with respect to the legal relations of the parties arising from this controversy and their respective rights and responsibilities under the FLSA, to wit, whether

Plaintiff and all others similarly situated are or were the employees of Defendants.

**COUNT II**
**OVERTIME CLAIMS (Violation of 29 U.S.C. § 207)**

41.

Plaintiff repeats and realleges the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

42.

Defendants are or were the "employer" and employ(ed) Plaintiff and the Collective Action Members as "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

43.

Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce."

44.

Defendants are an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because they have employees engaged in commerce, and because their annual gross volume of sales made is more than $500,000.

45.

Plaintiff consent to sue in this action pursuant to 29 U.S.C. § 216(b). Written Consents to sue executed by each Plaintiff are submitted herewith.

46.

Defendants misclassified Plaintiff and all others similarly situated as an independent contractor.

47.

Defendants failed to pay Plaintiff and all others similarly situated wages at a rate of one and one-half (1 ½) times her regular rate, for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207.

48.

Defendants knowingly, intentionally and willfully violated the FLSA.

49.

Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

50.

Due to Defendants' FLSA violations, Plaintiff and all others similarly

situated are entitled to recover from Defendant, unpaid overtime compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT III
## MINIMUM WAGE CLAIM (Claims for Violation of 29 U.S.C. § 206)

51.

Plaintiff repeats and realleges the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

52.

Defendants are or were the "employer" and employs or employed Plaintiff and all others similarly situated as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(d).

53.

Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce."

54.

Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is

more than $500,000.

55.

Plaintiff consent to sue in this action pursuant to 29 U.S.C. § 216(b).

56.

A consent to sue executed by each Plaintiff is submitted herewith.

57.

Defendants misclassified Plaintiff and all others similarly situated as an independent contractor.

58.

Defendants failed to pay Plaintiff and all others similarly situated the minimum wage in violation of 29 U.S.C. § 206 and instead required Plaintiff to pay Defendants various fees, fines, and other charges.

59.

Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiff and all others similarly situated the minimum wage under the FLSA

60.

Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate

the FLSA.

61.

Due to Defendants' FLSA violations, Plaintiff and all others similarly situated are entitled to recover from Defendants all fees, fines and other charges paid by the Plaintiff to the Defendants, minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

**DEMAND FOR JURY TRIAL**

62.

Plaintiff, on behalf of herself and all others similarly situated individuals, demand a trial by jury on all their claims so triable.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant relief as follows:

  a.   As to Count I issue a declaratory judgment that (i) Plaintiff and all others similarly situated are or were the employees and Defendants are or were their joint employer and (ii) the practices complained of herein are unlawful under the FLSA;

b.      As to Count II award Plaintiff and all others similarly situated judgment for lost overtime compensation calculated at one and one-half times the regular rate that Plaintiff would have received but for Defendants unlawful conduct, as well as liquidated damages, interest and attorneys' fees as provided for under the FLSA;

c.      As to Count III award Plaintiff and all others similarly situated judgment for wages at the minimum rate, including restitution for all fees, fines, and charges paid by the Plaintiff and all others similarly situated to the Defendants,  liquidated damages, interest and attorneys' fees as provided for under the FLSA;

d.      Award Plaintiff and all others similarly situated costs of this action, including expert fees;

e.      Grant Plaintiff and all others similarly situated a jury trial on all issues so triable;

f.      Grant leave to add additional Plaintiff by motion, the filing of

        written consent forms, or any other method approved by the

        Court; and


g.      Award Plaintiff and all others similarly situated such other and

        further relief as the Court may deem just and proper.


        Respectfully submitted this13th  day of January, 2014.


                                        /s/ Harlan S. Miller
                                        Harlan S. Miller, Esq.
                                        Of Counsel
                                        Parks, Chesin & Walbert, P.C.
                                        75 14th Street, 26th Floor
                                        Atlanta, Georgia 30309
                                        hmiller@pcwlawfirm.com


                                        /s/ Stephen L. Minsk
                                        Stephen L. Minsk, Esq.
                                        State Bar No. 511366
                                        P.O. Box 720023
                                        Atlanta, GA  30328
                                        770-861-7201 Telephone
                                        Attorney for Plaintiff
                                        stephenminsk@minsklaw.com

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing has been prepared using Times New Roman 14 point font.

This 13th  day of January, 2014.

/s/ Harlan S. Miller
Harlan S. Miller, III, Esq.
Of Counsel
Parks, Chesin & Walbert, P.C.
75  14th  Street,  26th  Floor
Atlanta, Georgia 30309